The bill herein is filed for an accounting of the principal and interest of a certain mortgage paid to defendant as administratrix of the estate of her late husband, Volbrecht Dreschler. Defendant and complainant are step-mother and son. They are the heirs-at-law and next of kin of the late husband and father, Volbrecht Dreschler.
The mortgage, which is the subject-matter of this bill, was given to said Volbrecht Dreschler and the defendant, Anna Dreschler, his wife, in part payment for the sale of real *Page 742 
estate, the title to which was held by the said husband and wife as tenants by the entirety.
Complainant is entitled to share in the principal and interest of the said mortgage collected by defendant as administratrix to the extent of two-thirds of one-half thereof.
The defendant contends that the conveyance by her to complainant on March 11th, 1925, of her undivided one-half interest in certain lands and premises situated on Laurel Place, East Rutherford, owned by them as tenants in common, and the payment to her by complainant of the sum of $4,000, was intended by both parties to effect, and did effect, a settlement of all accounts between them, including complainant's interest in the mortgage, which is the subject-matter of the bill filed herein. The defendant's affirmance of this accounting and settlement, and complainant's denial thereof, constitute the sole issue of facts herein.
The evidence shows that the defendant raised the complainant from the time when he was a baby, and treated him as her son; that he started to work when he was sixteen years of age as a mason's helper; his wages he turned over to his father and the defendant, who gave him spending money therefrom. The defendant deposited money for the complainant in the East Rutherford Savings Loan and Building Association of East Rutherford. This account was in his name and aggregated at the time of his marriage more than $1,700. This arrangement persisted until the marriage of the complainant. Upon complainant's marriage at the age of thirty-three years the defendant left her step-son.
Defendant testified that she put upwards of $9,000 of her own money in the Laurel Place property; that the cost of the lot was $1,600, and that this amount was paid by her alone out of her savings on deposit in the First National Bank of East Rutherford and the East Rutherford Savings Loan and Building Association. Title to this lot was taken in both names. At that time the parties were living peacefully together; the complainant had not yet married, and the plan was to build a home for themselves as partners. Defendant's *Page 743 
testimony on this point is fully corroborated by her bank book and loan association books. The date of the purchase by complainant and defendant as tenants in common of the Laurel Place property was May 10th, 1924. Defendant's passbook, number 4465, with the East Rutherford Savings Loan and Building Association, shows a withdrawal of $1,000 by her on May 7th, 1924; and her bank book, number 609, with the First National Bank of East Rutherford, shows a withdrawal of $500 by her on May 9th, 1924. The defendant testified that later she put $7,200 in the erection of the dwelling house on this Laurel Place property. Her testimony on this point is also corroborated by her bank book and loan association book, which show withdrawals by her during the months of May to November, 1924, aggregating $6,750 in addition to withdrawals of $1,500 previously referred to. Defendant further testified that she put into this property the interest and installments on account of principal paid to her on the mortgage, which is the subject-matter of this suit.
Defendant's testimony is further corroborated by the testimony of Mr. Conkling, a solicitor of this court, who represented both parties in the negotiations leading up to the execution and delivery of the deed for the Laurel Place property by defendant to complainant, and the payment by complainant of the sum of $4,000.
The complainant denies that the entire price of the Laurel Place property had been paid by defendant alone out of her own money and testified that he contributed one-half the price of the lot, that is $800. Upon being examined as to where he got this money, he testified that he withdrew it from his savings account in the First National Bank of East Rutherford. He was directed to go to the bank and secure his bank book, and he returned with the statement that "they" (meaning the bank) "would not give it to me; I have no more account in there." It has been shown that the complainant never had an account in the First National Bank of East Rutherford and did not call at the bank for *Page 744 
his book as testified to by him. Samuel W. Thompson, cashier of the First National Bank of East Rutherford, testified that he had examined the records of the bank "from the opening of the bank until today," and that he found no record of any account in the name of Alfred Dreschler.
The complainant's testimony is, therefore, seriously impeached — falsus in uno, falsus in omnibus — or his memory is very bad and cannot be relied upon.
The testimony of defendant and of Mr. Conkling, the solicitor who represented both parties in these negotiations, satisfied me that there can be no doubt that the complainant permitted the defendant to believe that the conveyance by her, and the payment of $4,000 by him, were in full settlement of all their accounts. They so testified, and I am satisfied that they were telling the truth.
The solicitor, Mr. Conkling, certainly should have made some arrangement to guard against any situation like the present ever arising, in order to fully protect his client. He should have drawn a release or in some manner provided for the protection of the defendant.
It is contended by complainant that the testimony of Mr. Conkling is inadmissible, upon the ground that there being a written agreement of sale between the parties, his testimony that they, by this same agreement, agreed to settle all accounts between them, was an attempt to nullify, modify or change the contract itself. With this contention of the complainant I cannot agree, as it comes directly within one of the exceptions of the parol evidence rule as laid down in the leading case ofNaumberg v. Young, 44 N.J. Law 331.
I shall advise a decree dismissing the complainant's bill. *Page 745